1  **FREEDMAN & TAITELMAN, LLP**
   BRYAN J. FREEDMAN, Esq. (SBN 151990)
2  e-mail: bfreedman@ftllp.com
   JESSE A. KAPLAN, ESQ.(SBN 255059)
3  e-mail: jkaplan@ftllp.com
   1901 Avenue of the Stars, Suite 500
4  Los Angeles, California 90067
   Telephone: (310) 201-0005
5  Fax: (310) 201-0045

6  Attorneys for Defendant
   MARIO LAVANDEIRA dba Perez.Hilton.Com
7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11 DIANE WARGO AND JOEL WARGO,  ) CASE NO.: CV 09-02717 GHK (Ex)
                                    ) [The Honorable George H. King]
12              Plaintiffs,         )
                                    ) **DEFENDANT MARIO**
13        vs.                       ) **LAVANDEIRA'S OPPOSITION TO**
                                    ) **MOTION TO ENFORCE THE**
14 MARIO LAVANDEIRA, dba            ) **COURT'S ORDER AND APPOINT**
   Perez.Hilton.com, and DOES 1 through ) **AN ARBITRATOR**
15 10, inclusive,                   )
                                    ) Date: February 8, 2010
16              Defendants.         ) Time: 9:30 am
   _____ ) Courtroom: 650
17
                                      [Declarations of Bryan Freedman and
18                                    Jesse Kaplan filed concurrently
                                      herewith]
19

20

21

22         Defendant Mario Lavandeira, dba PerezHilton.com ("Lavandeira") respectfully

23 submits this Memorandum of Points and Authorities in support of his opposition to

24 plaintiffs Diane Wargo's ("Wargo") motion to Enforce the December 18, 2009 Order

25 and Appoint an Arbitrator.

26 / / /

27 / / /

28
   _____
          DEFENDANT MARIO LAVANDEIRA'S OPPOSITION TO MOTION TO
          ENFORCE THE COURT'S ORDER AND APPOINT AN ARBITRATOR

I.    **Introduction**

Wargo is under the impression that since the Court has compelled arbitration, Wargo may impose her will on Lavandeira and unilaterally appoint an arbitrator of her choosing.  That is, after Lavandeira suggested that the parties have a private arbitration association such as JAMS or ADR Services assist in the selection of an arbitrator, Wargo's counsel rejected this concept and instead indicated that if Lavandeira did not agree to one the arbitrators Wargo selected, Wargo would move to have R. De Witt Kirwan appointed.  Wargo, however, is not entitled to such relief.  To the extent that the Court even has the jurisdiction to appoint an arbitrator other than AAA, which it does not, the parties are entitled to jointly select from the arbitrators nominated by the Court.

First, under both *Alan v. Superior Court,* 111 Cal.App.4th 217, 227-228 (2003) and *Martinez v. Master Protection Corporation*, 118 Cal. App. 4th 207, 121 (2004), the cases relied on by Wargo, the Court does not have jurisdiction to appoint an arbitrator.  "If an arbitration agreement designates an exclusive arbitral forum (e.g., the NYSE), and arbitration in that forum is not possible, courts may not compel arbitration in an alternate forum by appointing substitute arbitrators ... ." *Alan,* 111 Cal.App.4th at 227-228 (Emphasis added); *See also Martinez*, 118 Cal. App. 4th 207, 121.  As it is undisputed that the arbitration provision at issue designates the American Arbitration Association ("AAA"), and the AAA will not arbitrate this dispute unless Lavandeira waives the arbitration agreement's forum selection clause, the Court is without jurisdiction to appoint another arbitrator.  Accordingly, this is a matter that should be left to the parties to work out on their own.

Assuming the Court can appoint an arbitrator other than AAA, the parties are still entitled to jointly select from five arbitrators nominated by the Court.  *See* California Code of Civil Procedure ("C.C.P.") § 1281.6.  Wargo is not entitled to unilaterally select an arbitrator of her choosing.

1

DEFENDANT MARIO LAVANDEIRA'S OPPOSITION TO MOTION TO ENFORCE THE COURT'S ORDER AND APPOINT AN ARBITRATOR

1  Finally, Wargo's claim that Lavandeira has waived his right to object to the

2  appointment of Mr. Kirwan borders on bizarre.  First, any challenges to the Court's

3  jurisdiction cannot be waived.  Of equal importance, Wargo candidly admits that

4  Lavandeira has always rejected Mr. Kirwan as an arbitrator.  By clearly and

5  consistently objecting to Mr. Kirwan as an arbitrator, Lavandeira did not waive his

6  right to object to Mr. Kirwan but, instead, preserved it.

7  **II.    The Court Cannot Appoint Another Arbitrator After The AAA Refused**

8  **To Administer This Arbitration**.

9  The AAA's refusal to adjudicate this dispute precludes the appointment of

10  another arbitrator.  A Court's power to appoint an arbitrator under California law is

11  governed by C.C.P. § 1281.6.  The Court's authority under C.C.P. § 1281.6 is

12  jurisdictional.  *See Atlas Plastering, Inc. v. Superior Court*, 72 Cal. App. 3d 63, 64

13  (1977); *Martinez*, 118 Cal. App. 4th at 121.

14  *Martinez* confirms that if the parties designate that AAA rules apply, and the

15  AAA refuses to arbitrate the dispute, the Court cannot appoint a different arbitrator.

16  *Martinez*, 118 Cal. App. 4th at 120-121.   In *Martinez,* an employee plaintiff sued his

17  former employer for alleged labor code violations, wrongful termination and various

18  discrimination claims.  *See Martinez*, 118 Cal. App. 4th at 111.  The trial Court

19  subsequently granted the employer defendant's motion to compel arbitration of these

20  claims based on an agreement the plaintiff was required to sign as a condition of his

21  employment.  *See Martinez*, 118 Cal. App. 4th at 112.  After this motion was granted,

22  the Plaintiff attempted to submit his claims to the AAA as required by the arbitration

23  agreement, but the AAA refused to arbitrate the dispute because the arbitration did not

24  satisfy the rules and due process protocols for employment related disputes.  *See*

25  *Martinez*, 118 Cal. App. 4th at 112.  The plaintiff then moved to revive the litigation.

26  The trial Court denied that motion and appointed another arbitrator pursuant to C.C.P.

27  § 1281.6.  *See Martinez*, 118 Cal. App. 4th at 112.

28

2

DEFENDANT MARIO LAVANDEIRA'S OPPOSITION TO MOTION TO
ENFORCE THE COURT'S ORDER AND APPOINT AN ARBITRATOR

1       The *Martinez* Court, however, reversed the appointment of the new arbitrator,

2   finding that the trial Court did not have authority to appoint a new arbitrator pursuant

3   to C.C.P. § 1281.6.  *See Martinez*, 118 Cal. App. 4th at 120-121 ("Martinez contends

4   the trial court erred in appointing an arbitrator after AAA refused to conduct the

5   arbitration, and this error constitutes a separate and independent basis for reversal of

6   the judgment. His contention is correct.").  In particular, *Martinez* held that the parties

7   had agreed to an AAA forum.  *See Martinez*, 118 Cal. App. 4th at 120-121.  More

8   specifically, that the arbitration agreement required that the dispute be resolved "'[i]n

9   accordance with' pertinent AAA procedures means that the arbitration must take place

10  before that designated agency, that is, in an AAA forum." *Martinez*, 118 Cal. App. 4th

11  at 120.  After noting that "the parties in this case agreed to an AAA forum, but AAA

12  refused to participate," the Court concluded that "Section 1281.6 does not permit the

13  trial court to choose an alternative forum when the chosen forum refuses to hear the

14  case. 'If an arbitration agreement designates an exclusive arbitral forum ... , and

15  arbitration in that forum is not possible, courts may not compel arbitration in an

16  alternative forum by appointing substitute arbitrators ... .'" *Martinez*, 118 Cal. App. 4th

17  at 121.

18      Likewise, *Alan* also denied the appointment of a different arbitrator under

19  C.C.P. § 1281.6. when the arbitral body identified in the arbitration agreement refused

20  to administer the dispute.  *See Alan* 111 Cal.App.4th at 222-223.  In *Alan*, the heir of a

21  deceased investor asserted various claims against the investors' brokers.  *See Alan* 111

22  Cal.App.4th at 219.  Though the investment agreement at issue required that all

23  controversies be decided by certain securities industry self-regulatory organizations

24  (an "SRO"), the SROs refused to conduct arbitrations in California because they did

25  not want to comply with California's ethical standards.  *See Alan* 111 Cal.App.4th at

26  219.  That is, the SROs refused to conduct arbitration in California unless the parties

27  agreed to <u>waive</u> California's ethical standards or agreed to conduct the arbitration

28

DEFENDANT MARIO LAVANDEIRA'S OPPOSITION TO MOTION TO
ENFORCE THE COURT'S ORDER AND APPOINT AN ARBITRATOR

1  outside of California.  *See Alan* 111 Cal.App.4th at 222.  The plaintiff refused to do

2  so.  *See Alan* 111 Cal.App.4th at 223.  The trial Court subsequently compelled

3  arbitration and appointed an arbitrator outside of California.  *See Alan* 111

4  Cal.App.4th at 223.

5       Like *Martinez*, the *Alan* Court reversed the appointment of a new arbitrator

6  from outside of California.  Analyzing the trial Court's jurisdiction to appoint an

7  arbitrator under both C.C.P. § 1281.6 and 9 U.S.C. § 5 of the Federal Arbitration Act,

8  *Alan* found that neither applies where the arbitral forum selected in the arbitration

9  agreement declines to arbitrate the dispute.  *See Alan* 111 Cal.App.4th at 227-228.  "If

10  an arbitration agreement designates an exclusive arbitral forum (e.g., the NYSE), and

11  arbitration in that forum is not possible, **courts may not compel arbitration in an**

12  **alternate forum by appointing substitute arbitrators** ... ." *Alan,* 111 Cal.App.4th at

13  227-228.

14       Here, Wargo does dispute that the arbitration agreement selects the AAA as the

15  appropriate forum to arbitrate this dispute (*See* Motion, 5:4-8).  Moreover, it is

16  undisputed that when Wargo submitted her claim the AAA, it refused to administer

17  this dispute unless Lavandeira agreed to waive the arbitration agreement's forum

18  selection clause designating Los Angeles, California as the appropriate forum[1] (*See*

19  Spitz Decl., Ex. C and D).  As Lavandeira is not willing to waive his right to have this

20  dispute adjudicated in Los Angeles, California, AAA declined to administer this

21  dispute.  Accordingly, as the arbitration agreement designates AAA as the forum to

22  resolve any disputes, and AAA refuses to administer this dispute, this Court is without

23  jurisdiction to appoint another arbitrator.

24

25

26       [1]Wargo attempts to inaccurately characterize the AAA's refusal to administer this dispute as a
   "ruling."  The AAA did not rule on anything.  It certainly did not order or direct Lavandeira to remove
27  the forum selection clause designating Los Angeles, California.  Rather, it simply "requested" that
   Lavandeira agree to waive this provision (*See* Spitz Decl., Ex. C).

28
                                        4
   DEFENDANT MARIO LAVANDEIRA'S OPPOSITION TO MOTION TO
   ENFORCE THE COURT'S ORDER AND APPOINT AN ARBITRATOR

**III.   Wargo Improperly Attempts  to Unilaterally Impose Her Selected Arbitrator.**

Assuming arguendo that the Court has jurisdiction to appoint an arbitrator under C.C.P. § 1281.6, there is no basis for Wargo's unilateral choice to appoint Mr. Kirwan.  Rather, C.C.P. § 1281.6 specifically prescribes a nomination procedure for appointing a neutral arbitrator.  *See* C.C.P. § 1281.6; *Jacks Pacific, Inc. v. Superior Court,* 160 Cal. App. 4th 596, 601 (2008).  C.C.P. § 1281.6 requires the Court to nominate five proposed arbitrators, and then provides that the parties are to <u>jointly</u> select an arbitrator.  *See* C.C.P. § 1281.6.  More specifically, C.C.P. § 1281.6 states in pertinent part as follows:

> When a petition is made to the court to appoint a neutral arbitrator, the court shall nominate five persons from lists of persons supplied jointly by the parties to the arbitration or obtained from a governmental agency concerned with arbitration or private disinterested association concerned with arbitration. The parties to the agreement who seek arbitration and against whom arbitration is sought may within five days of receipt of notice of the nominees from the court <u>jointly select</u> the arbitrator whether or not the arbitrator is among the nominees. C.C.P. § 1281.6 (Emphasis added).

Since the Court has compelled arbitration, and in order to resolve the impasse, Lavandeira has consistently proposed that the parties go to a private arbitration association such as JAMS or ADR Services, and have either association select several retired judges from their Los Angeles panels that they believe are <u>appropriate</u>[2] for this dispute.  The parties would then rank the proposed judges in order of preference (one being the highest and five being the lowest), and would agree that the judge with the lowest average ranking would be deemed the arbitrator.  Lavandeira also suggested that he was happy to consider any other procedures to select an appropriate arbitrator that JAMS or ADR Services can suggest.  Wargo refused either of these suggestions.

---

[2] Contrary to Wargo's contention, Lavandeira wanted to select an arbitrator that had the appropriate background for this case (*See* Kaplan Decl., ¶ 4, Ex. 1).  Though Lavandeira does not disagree that prior internet law experience would be helpful, certainly it would not be the determinative factor in selecting an arbitrator for this dispute.

5

1   To the extent, the Court has jurisdiction to appoint an arbitrator, Lavandeira would be
2   willing to seek the assistance of JAMS or ADR to select an appropriate arbitrator.

3          Additionally, to the extent the Court determines that it has jurisdiction to
4   appoint an arbitrator, Lavandeira submits the following list of arbitrators for the Court
5   to nominate:

6          1.      Hon. Robert Letteau (ADR Services);

7          2.      Hon. Michael Marcus (ADR Services);

8          3.      Hon. Robert W. Thomas;

9          4.      Hon. Richard C. Neal (JAMs); and

10         5.      Hon. Hon. Joe Hilberman (ADR Services).

11         Moreover, Wargo cannot ignore the arbitration provision's inclusion of the
12  forum selection clause identifying Los Angeles ,California as the appropriate forum.
13  Finally, Wargo's selected arbitrator, Mr. Kirwan, does not appear to have any
14  experience adjudicating disputes as he has never presided as a judge and has never
15  served as an arbitrator.

16  **IV.    Lavandeira Has Not Waived Any Objections To The Appointment of**
17          **Mr. Kirwan As An Arbitrator.**

18         Assuming that the Court could even appoint Mr. Kirwan, Lavandeira has not
19  waived his right to object to that appointment.  A waiver is the <u>intentional</u>
20  relinquishment or abandonment of a known right.  *See, e.g., United States v. Olano*,
21  507 U.S. 725, 732 (1993); *Platt Pacific, Inc. v. Andelson*, 6 Cal. 4th 307, 314-315
22  (1993); *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café & Takeout III, Ltd.*, 30
23  Cal. App. 4th 54, 60 (1994).  "Waiver always rests upon intent." *DRG/Beverly Hills,*
24  30 Cal. App. 4th at 60.  The party claiming a waiver of a right has the burden of
25  proving it by clear and convincing evidence.  *See DRG/Beverly Hills,* 30 Cal. App. 4th
26  at 60; *City of Ukiah v. Fones,* 64 Cal. 2d 104, 107-108 (1966).

27

28
                                        6
          DEFENDANT MARIO LAVANDEIRA'S OPPOSITION TO MOTION TO
          ENFORCE THE COURT'S ORDER AND APPOINT AN ARBITRATOR

1    Moreover, "Jurisdictional issues are never waived and may be raised at any

2    time." *See Briggs v. Resolution Remedies*, 168 Cal. App. 4th 1395, 1400 (1st Dist.

3    2008) (party did not waive defense that court lacked jurisdiction to consider using its

4    mandamus power to overturn a private arbitrator's discretionary ruling); *Miranda v.*

5    *21st Century Ins. Co.*, 117 Cal. App. 4th 913, 920 (2004) (party may challenge for the

6    first time on appeal trial court's authority to enter discovery orders and dismiss

7    uninsured motorist arbitration proceeding); *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th

8    893, 896 (1998) (party did not waive jurisdictional challenge based on plaintiff's

9    failure to exhaust administrative remedies, even though objection was made for the

10   first time in reply brief on appeal).  Accordingly, there can be no waiver of the right to

11   challenge the Court's jurisdiction to appoint an arbitrator.

12   Here, Wargo incorrectly argues that Lavandeira has waived any objections to

13   Mr. Kirwan being appointed as an arbitrator because "To date Lavandeira has voiced

14   not [sic] specific issues or problems with the qualifications of Mr. Kirwan" (Motion,

15   9:10-11).  First, Lavandeira has always indicated that he wanted a retired California

16   judge to arbitrate this dispute (*See* Freedman Decl., ¶ 7, Ex. 2; Kaplan Decl., ¶¶ 3-8,

17   Ex. 1-2).  Regardless of whether Lavandeira has voiced specific issues with Mr.

18   Kirwan's qualifications, it is undisputed that Lavandeira has consistently objected to

19   Mr. Kirwan (*See* Freedman Decl., ¶ 7, Ex. 2; Kaplan Decl., ¶¶ 3-8, Ex. 1-2; Spitz

20   Decl., ¶ 9, Ex. G).  By clearly and consistently objecting to Mr. Kirwan as an

21   arbitrator, Lavandeira did not waive his right to object to Mr. Kirwan but, instead,

22   preserved it.

23   Furthermore, as Wargo's prior motion to compel arbitration sought to compel

24   arbitration before the AAA pursuant to the Website's conditions of use, that

25   Lavandeira did not contest Mr. Kirwan in his opposition papers is completely

26   irrelevant.  Absent from Wargo's notice of motion to compel arbitration was any

27   request that Mr. Kirwan be appointed as an arbitrator.  Certainly Plaintiffs' motion to

28

7

DEFENDANT MARIO LAVANDEIRA'S OPPOSITION TO MOTION TO
ENFORCE THE COURT'S ORDER AND APPOINT AN ARBITRATOR

1  compel arbitration failed to include any request that the Court utilize the C.C.P. §

2  1281.6.  The issues addressed were whether there was a valid and enforceable

3  agreement to arbitrate between Lavandeira and Wargo, the scope of that agreement

4  and whether Wargo waived her rights to arbitrate by litigating first.  Likewise, the

5  Court did not address this issue in its December 21, 2009 Order compelling

6  arbitration.  Certainly, Wargo has failed to present any evidence, let alone clear and

7  convincing evidence, that Lavandeira intended to relinquish any objections to the

8  appointment of Mr. Kirwan as an arbitrator or acted inconsistent with his rights to do

9  so.

11  Dated:  January 18, 2010                    FREEDMAN & TAITELMAN, LLP

14                                              By: _/s B. Freedman_____
                                                Bryan J. Freedman, Esq.
15                                              Attorneys for Attorneys for Defendant
                                                Mario Lavandeira, dba PerezHilton.com,
16                                              dba Perez Hilton

8

DEFENDANT MARIO LAVANDEIRA'S OPPOSITION TO MOTION TO
ENFORCE THE COURT'S ORDER AND APPOINT AN ARBITRATOR