E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2717-GHK (Ex) | Date | February 9, 2010 |
|---|---|---|---|
| Title | *Diane Wargo, et al. v. Mario Lavandeira d/b/a perezhilton.com, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Plaintiff's Motion to Enforce December 18, 2009 Order, Appoint Arbitrator

Plaintiff Diane Wargo ("Plaintiff") has moved this Court to enforce our December 18, 2009 Order compelling arbitration and, furthermore, to appoint an arbitrator. In our prior Order, we found that Plaintiff's use of Defendant Mario Lavandeira's ("Defendant") website, PerezHilton.com, supported a finding of a valid and enforceable agreement to arbitrate, and that Defendant was judicially estopped from arguing to the contrary. It appears that the Parties are now at an impasse in selecting an arbitrator to administer the dispute. We have considered the papers filed in support of and opposition to Plaintiff's Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.   Background**

Plaintiff had first sought to arbitrate her claims against Defendant with the American Arbitration Association ("AAA") pursuant to the arbitration provision contained in the website's Conditions of Use. Specifically, the arbitration clause states: "Any dispute relating in any way to your visit to PerezHilton.com . . . shall be submitted to confidential arbitration in Los Angeles, California . . . . Arbitration under this agreement shall be conducted under the rules then prevailing of the American Arbitration Association." (Spitz Decl., Ex. A at 4). Defendant agreed, in principle, to arbitrate the claims, but found Plaintiff's selected forum—her home state of Ohio—unsatisfactory. Defendant relied upon the forum selection clause to insist on arbitration in Los Angeles. In a letter dated May 18, 2008, Defendant's counsel explained that Plaintiff's filing a claim with the AAA was

> improper and erroneous. . . . [T]he arbitration clause in question neither designates nor selects AAA to administer or arbitrate a consumer claim. Rather, it merely calls for the application of the prevailing rules of AAA—without actually authorizing any arbitration by AAA. . . . Furthermore, [Plaintiff's] unilateral designation of Cleveland, Ohio as the hearing locale is objectionable because it directly contravenes the arbitration clause's express stipulation that any arbitral proceedings against [Defendant] shall be conducted in Los Angeles, California.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2717-GHK (Ex) | Date | February 9, 2010 |
|---|---|---|---|
| Title | *Diane Wargo, et al. v. Mario Lavandeira d/b/a perezhilton.com, et al.* | | |

(Spitz Decl., Ex. B). Notwithstanding Defendant's interpretation of the contractual language, the designation of Los Angeles as the location for arbitration effectively precluded the AAA from administering the dispute. Such a forum selection clause conflicted with the AAA's rule that arbitration be held at a "reasonably convenient location." (*Id.*, Ex. C). Defendant's insistence on enforcing the forum selection clause resulted in the AAA's refusal to preside over any arbitration under the agreement. (*Id.*, Ex. D). Plaintiff filed suit against Defendant in Ohio state court soon thereafter.

Following our Order compelling arbitration between the Parties, Plaintiff contacted Defendant to discuss the possibility of submitting her claims to the AAA, should Defendant agree to comply with the AAA's procedures for selecting the location of the hearing. Still unwilling to waive the arbitration provision's forum selection clause, Defendant suggested that the Parties have a private arbitration association, such as JAMS or ADR Services, assist in the appointment of an arbitrator. In direct contradiction to his previous position regarding the AAA's jurisdiction over this matter, Defendant now argues to this Court that, "as the arbitration agreement designates AAA as the forum to resolve any disputes, and AAA refuses to administer this dispute, this Court is without jurisdiction to appoint another arbitrator." (Opp'n 4). Thus, Defendant argues, the selection of an arbitrator other than the AAA "is a matter that should be left to the parties to work out on their own." (*Id.* at 1).

## II. Interpretation of the Arbitration Provision

The plain language of the arbitration provision at issue requires that arbitration be "conducted under" the rules of the AAA; however, the agreement does not specify that arbitration be held before an AAA arbitrator. Indeed, the Conditions of Use explicitly advised that any dispute "shall be submitted to confidential arbitration in Los Angeles," without reference to the body administering the dispute. The Parties do not cite to any language of the agreement that precludes arbitration by, say, a JAMS arbitrator, provided that arbitration proceed in accordance with the rules of the AAA. Defendant relies on *Martinez v. Master Protection Corp.*, 118 Cal. App. 4th 107 (2004), and *Alan v. Superior Court,* 111 Cal. App. 4th 217 (2003), for the proposition that, where "an arbitration agreement designates an exclusive arbitral forum," as Defendant now argues the agreement in this case does, "and arbitration in that forum is not possible, courts may not compel arbitration in an alternate forum by appointing substitute arbitrators." *Alan,* 111 Cal. App. 4th at 227-28. Plaintiff similarly relies on these cases to support her argument that the arbitration must take place before the AAA, rather than an alternate forum suggested by Defendant. The Parties' mutual reliance on these cases is misplaced.

### A. *The Arbitration Clause Does Not Designate the AAA as the Exclusive Forum*

This is not a case where, as in *Alan v. Superior Court,* the agreement expressly requires that "*all* arbitrations must be conducted in a *forum* convened by, and subject to the *rules* of, the chosen" arbitral tribunal. 111 Cal. App. 4th 224. Under such circumstances where the parties have contractually agreed that arbitration occur only before a specified arbitral tribunal, a court may not compel arbitration in an alternate forum notwithstanding the refusal of the chosen forum to participate in the arbitration. *Id.* at 228. *Martinez v. Master Protection Corp.* is similarly inapposite to the situation presently before us. In holding that the lower court erred in substituting an alternate arbitrator for the AAA, the *Martinez* court reasoned that the "arbitration agreement's requirement for resolution of the present dispute 'in accordance with' pertinent AAA procedures means that the arbitration must take place before that

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2717-GHK (Ex) | Date | February 9, 2010 |
|---|---|---|---|
| Title | *Diane Wargo, et al. v. Mario Lavandeira d/b/a perezhilton.com, et al.* | | |

designated agency, that is, in an AAA forum." 118 Cal. App. 4th at 120. *Martinez* parroted language from *Alan*—"an agreement to arbitrate before a particular forum is as integral a term of a contract as any other, which courts must enforce"—in support of the conclusion that the parties' incorporation of AAA procedures constituted their agreement to an AAA forum. *Id*. (quoting *Alan,* 111 Cal. App. 4th at 228). However, the agreement under consideration did not contain an explicit forum selection clause, as here. Thus, *Martinez*'s reasoning regarding the proper interpretation of the phrase "in accordance with" AAA procedures is unpersuasive where, as here, an explicit forum selection clause conflicts with AAA procedures.

### B. *Explicit Forum Selection Clause Trumps Conflicting AAA Rules Incorporated by Reference*

"An arbitration agreement is subject to the same rules of construction as any other contract." *Duffens v. Valenti*, 161 Cal. App. 4th 434, 443 (2008) (internal quotation marks omitted). Under California law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." CAL. CIV. CODE § 1638. And, as noted above, "an agreement to arbitrate before a particular forum is as integral a term of a contract as any other, which courts must enforce." *Alan*, 111 Cal. App. 4th at 228 (citation omitted).

The arbitration clause in the Conditions of Use states that "[a]rbitration under this agreement shall be conducted under the rules then prevailing of the American Arbitration Association." The Ninth Circuit, as well as the California Court of Appeal, has held that such language "incorporates the applicable rules of the AAA into the terms of the contract." *Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1122 (9th Cir. 2008); *O'Hare v. Mun. Res. Consultants*, 107 Cal. App. 4th 267, 280 (2003). The AAA commercial arbitration rules specify how its rules are to be administered. Rule R-2 states, in relevant part, that "[w]hen parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration."

Yet the designation of Los Angeles as the location for any arbitration conflicts with AAA protocol for selecting a location of mutual convenience; the offending clause effectively prevents the AAA from administering a dispute under the agreement. Under California law, to the extent there is any conflict "between this specific term and the more general provision that the arbitration would be governed by AAA rules, the specific provision controls." *Ovitz v. Schulman,* 133 Cal. App. 4th 830, 855 (2005); *see also* CAL. CIV. CODE § 3534 ("Particular expressions qualify those which are general."). Thus, the incorporation of the AAA rules does not trump the forum selection clause in the arbitration agreement.

"Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract." *Santisas v. Goodin,* 17 Cal. 4th 599, 608 (1998) (citations omitted). By the clear and explicit terms of the contract, the Parties agreed to submit their disputes to arbitration, that the arbitration would be held in Los Angeles, and that the arbitration would be conducted in accordance with the rules of the AAA. The agreement does not expressly designate the AAA as the exclusive arbitral forum, nor does it expressly preclude the selection of a non-AAA arbitrator who

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2717-GHK (Ex) | Date | February 9, 2010 |
|---|---|---|---|
| Title | *Diane Wargo, et al. v. Mario Lavandeira d/b/a perezhilton.com, et al.* | | |

would then conduct the arbitration pursuant to AAA rules. Although the specific provisions of the agreement cannot be harmonized with the incorporated AAA rules, "[i]t is far better to interpret the agreement based on what is specified, rather than attempt to incorporate other remote rules by reference." *Alan,* 111 Cal. App. 4th at 228 (quoting *Smith Barney v. Critical Health Sys. of N.C.,* 212 F.3d 858, 862 (4th Cir. 2000)). The Parties' express choice of forum takes precedence over any inferred intent to arbitrate before a particular forum.

### III. Appointment of an Arbitrator by Statute

In situations such as this, where "the court concludes the agreement to arbitrate is enforceable and the parties cannot agree on the procedure to appoint an arbitrator, the remedy is to be found in [California] Code of Civil Procedure section 1281.6." *Lewis v. Lynch, Pierce, Fenner, & Smith, Inc.,* 183 Cal. App. 3d 1097, 1107 (1986). Section 1281.6 provides that, "[i]n the absence of an agreed method, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails to act and his or her successor has not been appointed, the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator." Pursuant to the statute, we must nominate five people from the suggestions of the Parties or obtained from a governmental agency or neutral arbitration association. Within five days of being notified of our nominees, the Parties may "jointly select the arbitrator whether or not the arbitrator is among the nominees." If the Parties fail to agree on an arbitrator, we must "appoint the arbitrator from the nominees." Accordingly, we hereby nominate the following people as potential arbitrators to administer this dispute in Los Angeles: (1) Hon. Robert Letteau (ADR Services; proposed by Defendant); (2) Hon. Joe Hilberman (ADR Services; proposed by Defendant and Plaintiff); (3) Hon. Richard C. Neal (JAMS; proposed by Defendant and Plaintiff); (4) Hon. William F. McDonald (JAMS; proposed by Plaintiff); and (5) Richard Chernick, Esq. (vice president and managing director of JAMS's arbitration practice).

### IV. Conclusion

In light of the foregoing discussion, Plaintiff's Motion is **GRANTED in part**. The Parties **SHALL** notify the Court **within five (5) days** of either their joint selection of a mutually agreeable arbitrator, or their inability to do so. Should the Parties fail to select an arbitrator within this time period, the Court will appoint an arbitrator from the above list of nominees.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |